# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

HOWARD VANCE GARNER                                                              PLAINTIFF
ADC #98409

V.                              NO: 5:12CV00217 KGB/HDY

MARK CASHION *et al.*                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Howard Vance Garner, currently incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on June 14, 2012, naming as Defendants Warden Mark Cashion, Deputy Warden John Lowe, secretary Kerry Clark, former mail room supervisor Kay Wade, mail room supervisor Stephanie Renard, Maj. Moses Jackson, III, classification and publication review committee member Loretha West, and mail room supervisor Peggy Falls, all of the Randall Williams Correctional Facility. On February 12, 2013, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #47-#49). Plaintiff filed a response on March 6, 2013 (docket entry #50). Defendants replied to Plaintiff's response on March 18, 2013 (docket entry #52).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, a number of magazines to which he subscribes have been confiscated because they contained nudity. Plaintiff specifically claims that issues of *American Photo*, *Smithsonian*, *Redbook*, and *Muscle and Fitness*, are among the titles which have not been forwarded to him when they were received at the correctional facility.

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, that Plaintiff failed to establish a prima facie case of a First Amendment or due process violation, and that they enjoy sovereign and qualified immunity. Because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, his complaint should be dismissed.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative

remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to exhaust his administrative remedies, Defendants have provided the affidavit of Barbara M. Williams, the ADC's inmate grievance supervisor (docket entry #49-3). According to Williams, Plaintiff submitted two grievances relating to the confiscation of his publications: RLW-12-00090, and RLW-12-00157, but exhausted only RLW-12-00157. Defendants have provided copies of both grievances and associated documents (docket entry #49-2).

Grievance RLW-12-00090 was rejected because Plaintiff did not include the unit level grievance form with his appeal, in violation of the ADC's grievance policy (docket entries #49-1, page #11 & 49-2, page #3). Grievance RLW-00-00157 was exhausted, but Plaintiff did not name any Defendant in the grievance, despite the ADC's policy requiring the grievance to be specific as to, among other things, the personnel involved (docket entry #49-1, page #5).[1] The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In response, Plaintiff has offered nothing to indicate he has exhausted his claims, and only argues the merits of his complaint. No material facts are in dispute. Because Plaintiff did not properly exhaust his administrative remedies as to any Defendant before

---

[1]That requirement is on the grievance form itself.

he filed his lawsuit, Defendants' motion should be granted.[2]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #47) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   4   day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]In an unpublished decision last year, the United States Court of Appeals for the Eighth Circuit suggested that the failure to name Defendants could in some instances be excused. *See Bower v. Kelley*, 494 Fed.Appx, 718 (8th Cir. 2012) (unpublished per curiam). In *Bower*, however, the issue being grieved was clear, even though no name was provided. Here, Plaintiff's exhausted grievance is somewhat vague, and appears to be a challenge to the policy, rather than any individual's application of the policy. Additionally, the Court of Appeals has more recently indicated that naming all individuals is still required. *See Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curiam).